**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **HOPE ELLY,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | **CIVIL ACTION NO:** |
| **v.** ) | |
| ) | 1:19-cv-328-HSO-JCG |
| **WET & WILD, INC., AND** ) | |
| **MARK A. BALIUS,** ) | |
| ) | |
| **DEFENDANTS.** ) | |
| ) | |

**COMPLAINT**

## I.   INTRODUCTION

Plaintiff, Hope Elly, files this action, pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §12181, *et. seq.* In Count One of the Complaint, Plaintiff seeks to enjoin the Defendants to remove architectural barriers. In Count Two, Plaintiff seeks to enjoin Defendants to maintain practices, policies, and procedures necessary to maintain the premises free of architectural barriers both now and once the barriers are removed. In Count Three, Plaintiff seeks to enjoin the Defendants' use of the premises to provide full and equal enjoyment and the environment of Snapper's Seafood Restaurant serving food and drink to individuals with disabilities. Counts Two and Three seek independent relief in addition to the removal of architectural barriers. Count Four seeks to enjoin Defendants' failure to design and construct the establishment to be readily accessible to and usable by individuals with disabilities.

1

## II.   JURISDICTION, PARTIES, AND ARTICLE III STANDING

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the ADA 42 U.S.C. §12181, *et. seq.*, and its implementing regulations. Therefore, this Court is vested with original jurisdiction under 28 U.S.C. §1331 and §1343.

2.      Venue is proper in this Court, the United States District Court for the Southern District of Mississippi, pursuant to Title 28, U.S.C. §1391 and the Local Rules of the United States District Court for the Southern District of Mississippi.

3.      Plaintiff, Hope Elly, resides in Grand Bay, Alabama. She has experienced cerebrovascular accidents, more commonly known as strokes.   Both her motor and sensory functions are affected, resulting in weakness and/or muscle paralysis. Therefore, maintaining balance, walking, and the ability to use her hands are extremely impaired. As a result of her disability, she relies on a walker or wheelchair for mobility. She is limited in her ability to care for herself, perform manual tasks, walk, stand, lift, bend, grab, twist, and work, all of which are major life activities pursuant to 42 U.S.C. § 12102(2)(A). Ms. Elly is, accordingly, a person with a disability, in that she has a physical impairment substantially limiting one or more major life activities.   *See* 42 U.S.C. § 12102; *See also* 28 C.F.R. § 36.104.

4.      Defendant, Wet & Wild, Inc., (hereinafter "Wet & Wild") is a corporation that is both registered to conduct business and is conducting business within the State of Mississippi sufficient to create both general and specific *in personam* jurisdiction. Upon information and belief, Wet and Wild, "operates" and/or "leases" Snappers' Seafood Restaurant located at 1699 Beach Blvd., Biloxi, MS   39530 (hereinafter the "Snappers"). 42 U.S.C. § 12182. Snappers is an establishment serving food and drink and qualifies as a place of public accommodation. Therefore, Wet & Wild, LLC., as the owner and operator of a place of public accommodation, qualifies as a

2

covered entity under Title III pursuant to 42 U.S.C. § 12181(7).

**5.**     Defendant Mark A. Bailus is the owner of the building housing Snappers and parking lot for the restaurant.

**6.**     All events giving rise to this lawsuit occurred in the Southern District of Mississippi and the Defendants are a citizen thereof.

**7.**     Plaintiff resides about an hour's drive from the Mississippi Gulf Coast. When she has visited the Biloxi, Mississippi area, she has visited Snappers because she enjoys the menu variety offered as well as the atmosphere. She has definite plans to return to Snappers during 2019 to dine and verify compliance with the ADA. However, her desire to return is adversely affected by the inaccessible conditions at Snappers, and the difficulty she experienced when attempting to access the restrooms and the dining areas within Snappers.[1]  Because of the barriers described herein Plaintiff has been denied full and equal enjoyment of the Defendants' premises on the basis of her disabilities.

**8.**     Plaintiff accordingly, has Article III standing to pursue this case because (1) she is a person with a disability, pursuant to the statutory and regulatory definition; (2) the Defendants' restaurant is  a place of public accommodation, pursuant to the statutory and regulatory definition; (3) she has suffered a concrete and particularized injury, by being denied access to Defendants' restaurant due to architectural barriers, by the Defendants' policies and practices described herein, and by Defendants' denial of the use of its restaurant for her full and equal enjoyment as compared to individuals without disabilities. and (4) because these architectural barriers and policies continue to exist, there is a genuine threat of imminent future injury, as described herein. Although Plaintiff

---

[1] The Eleventh Circuit, held in *Houston v. Marod Supermarkets*, 733 F.3d 1323 (11th Cir. 2013), that when architectural barriers have not been remedied *"there is a 100% likelihood that plaintiff… will suffer the alleged injury again when he returns to the store."*

has plans during 2019 to return to Snappers, she is deterred from doing so by the barriers which she encountered on her last and previous visits to the Restaurant.

## III. COUNT ONE – FAILURE TO REMOVE ARCHITECTURAL BARRIERS WHEN READILY ACHIEVABLE [42 U.S.C. § 12182(b)(2)(A)(iv)]

9. Plaintiff is informed and believes based on publicly available information that the Restaurant was first constructed in 2008 and opened for business in 2009. Additionally, public records reveal that alterations were made in 2014.

10. All newly constructed facilities for first occupancy after January 26, 1993, and all "alterations" made to existing facilities after January 26, 1992 were required to have been built in strict compliance with the ADA 1991 new construction Standards. 42 U.S.C. § 12183(a) and (b). 28 C.F.R. § 36.402.

11. Newly constructed or altered facilities or elements covered by §§ 36.401 or 36.402 that were constructed or altered before March 15, 2012 and that do not comply with the 1991 Standards shall, on or after March 15, 2012, be made accessible in accordance with the 2010 Standards. See 28 C.F.R. § 36.406(5)(ii).

**Architectural Barriers**

12. Plaintiff's last visit to Snappers was during the last week of March 2019. During this visit, she experienced the following barriers to access as a person with a disability:

Parking

(1) The designated accessible parking space is not identified with signage including the international symbol of accessibility that is mounted 60 inches minimum above the ground surface measured to the bottom of the sign;

4

(2)     The designated accessible parking space and access aisle are not level, that is, the slope exceeds the required maximum according to the Standards;

(3)     There is no "van accessible" parking space measuring 132 inches wide minimum with an adjoining compliant access aisle that measures 60 inches wide minimum, or alternatively a 96-inch-wide space with an adjoining 96-inch-wide access aisle;

(4)     The parking lot does not contain the required number of accessible parking spaces based on the total number of parking spaces in the lot.

Route from Parking to Entrance

(5) The cross slope of the ramp exceeds the maximum allowable under the Standards;

(6) The width/length of the crevices or openings on the surface of the ramp exceeds the allowable distance between such openings on a ramp surface;

(7) There is no level landing at the top of the ramp, containing the required maneuvering clearance; and

(8) There is insufficient maneuvering clearance at the entrance door.

Floor Mats

(9) The floor mats throughout the facility are not stable, firm, or otherwise secured to the floor in compliance with the Standards.

Outdoor Dining Area and Bar on Deck

(10)     The width/length of the crevices or openings on the surface of the deck exceeds the allowable distance between such openings on an accessible route or maneuvering space;

(11)   There are not at least 5% of the seating spaces and tables disbursed throughout this area with the following required features

(a)   Seating spaces maintaining the required 30x48 inches of clear floor space positioned for a forward approach to the dining surface;

(b)   Accessible tables with tops of the dining surfaces measuring 28 inches minimum and 34 inches maximum above the finished floor, including the required 30 inches of clear dining surface; and

(c)   The height and configuration of the bar is not designed in compliance with the Standards, as there is not a lowered portion with the required knee and toe clearance usable by individuals with mobility impairments.

Indoor Dining Area and Bar

(12)   There are not at least 5% of the seating spaces and tables disbursed throughout this area with the following required features:

(a)   There are not at least 5% of the seating spaces and tables disbursed throughout this area with the following required features:

(b)   Seating spaces maintaining the required 30x48 inches of clear floor space positioned for a forward approach to the dining surface;

(c)   Accessible tables with tops of the dining surfaces measuring 28 inches minimum and 34 inches maximum above the finished floor, including the required 30 inches of clear dining surface;  and

(d)   The height and configuration of the bar is not designed in compliance with the Standards, as there is not a lowered portion with the required knee and toe clearance usable by individuals with mobility impairments.

Women's Restroom

 **(13)** There is no sign displaying the international symbol of accessibility on the latch side of the restroom door as required;

 **(14)** There is insufficient maneuvering clearance on the push side of the entrance door;

 **(15)** There is a trash can encroaching into the maneuvering clearance at the door and baby changing table;

 **(16)** The operating mechanism for the baby changing table and the table surface are above the required reach ranges;

 **(17)** The lavatory sink has pipes underneath which are not insulated;

 **(18)** The designated accessible toilet compartment contains a trash can which encroaches into the clear floor space required at the toilet fixture;

 **(19)** The toilet paper dispenser location does not meet the height requirements nor is it located the required distance from the toilet; and

 **(20)** The coat hook on the toilet compartment door is above the required reach ranges.

Route to Beach

 **(21)** The route leading from the facility to the beach area is not accessible, as it contains inaccessible surface features and changes in level which are not ramped or otherwise made accessible for people with mobility impairments;

 **13.** Unless Defendants take remedial action, Plaintiff will continue to encounter the architectural barriers described herein, and, as a result, be discriminated against by Defendants based on her disabilities.

**14.**     Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. she is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendants pursuant to 42 U.S.C. §12205.

**15.**     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to remove architectural barriers and bring the facility into compliance with the ADA Standards.

## IV.     COUNT TWO – FAILURE TO MODIFY POLICIES, PRACTICES AND PROCEDURES WHICH DENY EQUAL BENEFITS. [42 U.S.C. § 12182(b)(2)(A)(ii)]

**16.**     Plaintiff incorporates by reference and realleges all the paragraphs above.

**17.**     By its clear text, Title III requires a public accommodation to provide individuals with disabilities *more than simple physical access.* Removal of architectural barriers as described in Count One is only one component of compliance with the Statute. Thus, a place of public accommodation must not have and must modify any policy or practice which effectively, or directly denies access to goods or services to individuals with disabilities and prevents them from realizing the full and equal enjoyment of goods and services offered. 42 U.S.C. § 12182(b)(2)(A)(ii).

**18.**     Defendants have failed to make modifications in its policies, practices, and procedures as follows:

> **(a)**     Defendants have demonstrated that they have a policy of non-compliance with the ADA new construction Standards by the failure to design and construct the facility in compliance with the applicable Standards;
>
> **(b)**     Defendants have demonstrated that they have a policy of non-compliance with the ADA alteration Standards by failing to alter the facility in compliance with the applicable Standards;

**(c)**    The presence of architectural barriers identified in Count One demonstrates that the Defendants either have no policies or have failed to create, adopt, and/or implement policies and procedures for the removal of architectural barriers;

**(d)**    Defendants' practice of allowing employees to place movable items in the maneuvering clearance at restroom doors and fixtures denies individuals with disabilities the full use of these areas;

**(e)**    Defendants' policy of failing to provide disbursed accessible seating and tables in the bars and restaurant serving areas demonstrates a policy of excluding customers with disabilities from equal access to all serving areas and the amenities offered in each area;

**(f)**    Defendants' failure to provide accessible signage, accessible restrooms, and an accessible path of travel is further evidence of Defendants' exclusionary policies and practices;

**(g)**    As the continuing architectural barriers and the failure to provide full and equal use of the facility establishes, Defendants' existing practice, either explicitly or implicitly, is to remediate ADA Title III architectural barriers only upon demand by individuals with disabilities.

19.    To date, the Defendants' discriminating policies, practices, and/or procedures have not been modified to afford goods, services, facilities, privileges, advantages, or other accommodations to individuals with disabilities.

## V.    COUNT THREE – DENIAL OF FULL AND EQUAL ENJOYMENT

20.    Plaintiff incorporates by reference and realleges all the paragraphs above.

21.    *Discrimination on the basis of disability is a denial of the " full and equal enjoyment*

*of the goods, services, facilities, privileges, advantages, or accommodations" and is prohibited. 42 U.S.C. 12182(a).* Further, the ADA specifically makes it unlawful to provide individuals with disabilities with an "unequal benefit," and to relegate individuals with disabilities to a "different or separate" benefit.   42 U.S.C. §§ 12182(b)(1)(A))(ii)-(iii); 28 C.F.R. § 36.202(b)-(c).

22.     For that reason, the Act applies not only to barriers to physical access to places of public accommodation, but also to any policy, practice, or procedure which operates to deprive or diminish individuals with disabilities *full and equal enjoyment* of the privileges and *services* offered by the public accommodation. 42 U.S.C. 12182.

23.     Plaintiff was denied full and equal access to and enjoyment of Snappers due to Defendants' denial of equal services and benefits. As compared to individuals without disabilities, Plaintiff experienced unequal treatment and inferior accommodations at Defendants' facility as follows:

> **(a)**     The inaccessible features of the entrance ramp create unequal travel conditions for Plaintiff and others with disabilities similarly situated;
>
> **(b)**     The dimensions and slope of the landing at the top of the entrance ramp created a hazardous condition for Plaintiff and other people with mobility impairments, therefore, causing her to experience unequal treatment as compared to customers without disabilities;
>
> **(c)**     The height of the outdoor and indoor bars and the lack of disbursed accessible seating throughout the bar and dining areas prohibited Plaintiff and other individuals with disabilities from being able to equally access and independently use the seating and service options provided to customers without disabilities;

**(d)**    The inaccessible features of the restrooms prohibited Plaintiff from equally using the fixtures, the entrance, and other elements without assistance or without difficulty or personal humiliation or hardship;

24.    Defendants' continued failure to maintain ADA accessibility as an integral part of the Restaurant atmosphere and experience has segregated or otherwise treated Plaintiff and others similarly situated differently, in that, the lack of accessible features and policies  caused Plaintiff to be dependent on others to attempt access and caused her to be deterred from returning to this facility for fear of experiencing the same kind of discriminatory treatment.

25.    Defendants' conduct and unequal treatment of Plaintiff constitute continuous discrimination in violation of the ADA; 28 C.F.R.§ 36.211(a).

26.    Absent a Court ordered injunction, Defendants will continue to deny Plaintiff equal access to the goods and services offered at the Store.

27.    Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendants pursuant to 42 U.S.C. § 12205.

28.    Pursuant to 42 U.S.C. § 12188, this Court is authorized to enjoin the Defendants from engaging in these continuous discriminatory practices which have resulted in denial of equal access by the Plaintiff.

11

## V.    COUNT FOUR – FAILURE TO DESIGN, CONSTRUCT AND ALTER THE FACILITY IN COMPLIANCE WITH ADA STANDARDS. [42 U.S.C. § 12183(a)(1)]

29.    Plaintiff incorporates by reference and realleges all the paragraphs above.

30.    The ADA requires that all newly constructed facilities be designed and constructed according to architectural standards set by the Attorney General. 42 U.S.C. §§ 12183(a), 12186(b). Those Standards are incorporated into the Department of Justice's regulation implementing title III of the ADA, 28 C.F.R. Part 36, Appendix A. The Standards set architectural requirements for places of public accommodation which were constructed after January 1993. Thus, Defendants violated the statute by failing to design and construct Snappers in accordance with the applicable Standards. (See paragraph 12 above).

31.    Defendants further violated the Standards by failing to comply with the Standards when altering the facility after its construction. (See paragraph 12 above)

32.    To date, architectural barriers remain at the facility due to construction and alteration violations.

33.    Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendants pursuant to 42 U.S.C. § 12205.

34.    Pursuant to 42 U.S.C. § 12188 this Court is authorized to issue an injunction against the Defendants by ordering the facility brought into compliance with the Standards.

WHEREFORE, premises considered, Plaintiff, demands judgment against the Defendants on Counts One through Four and request the following injunctive and declaratory relief:

1.    That the Court declare that the Defendants as well as all Defendants' illegal actions violate the ADA, as more particularly described above;

2.    That the Court enter an order requiring the Defendants to alter the facility to make

12

it accessible to and usable by individuals with disabilities to the full extent required by the ADA as stated in Count One;

3.    That the Court enter an order directing the Defendants to modify their policies, practices, and procedures in order to provide equal access to individuals with disabilities consistent with the ADA as stated in Count Two;

4.    That the Court enter an order directing the Defendants to provide full and equal access and use of the facility, and maintain the required accessible features at the establishment so that Plaintiff, and other individuals with disabilities, enjoy the same experience offered to individuals without disabilities, as stated in Count Three;

5.    That the Court enter an order directing the Defendants to remediate the Store to the proper level of accessibility required for the design and construction of the facility as outlined in Count Four;

6.    That the Court award reasonable attorney's fees, costs, (including expert fees) and other expenses of suit, to Plaintiff; and

7.    That the Court award such other, further, and different relief as it deems necessary, just, and proper.

Date:   June 19, 2019                                          Respectfully submitted,

*Pshon Barrett*

PSHON BARRETT, ESQ.
MS Bar No. 2071
ADA Group LLC
4001 Carmichael Road, Suite 570
Montgomery, Alabama 36106
334.819.4030 p
334.819.4032 f
Pshon.Barrett@ADA-Firm.com
*Attorney for the Plaintiff*

**Bradley D. McAdory**
MS Bar No. 10545
ADA Group LLC
4001 Carmichael Road, Suite 570
Montgomery, Alabama 36106
334.819.4030 p
334.819.4032 f
BDM@ADA-Firm.com
*Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed with the Clerk of Court the aforementioned Complaint for service of process by USPS mail or electronic mail, postage prepaid and properly addressed this 19th day of June 2019 to the following:

**WET & WILD, INC.**
c/o Mark A. Balius, Registered Agent
5591 Whetsone Rd.
Biloxi, MS 39532

**Mark A. Balius**
5591 Whetsone Rd.
Biloxi, MS 39532

PSHON BARRETT, ESQ.
*Attorney for the Plaintiff*